**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**


**ANTHONY CAROTHERS**                                                     **PETITIONER**

**V.**                                    **CIVIL ACTION NO.: 3:15CV1-NBB-DAS**

**STATE OF MISSISSIPPI and
ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**        **RESPONDENTS**


**MEMORANDUM OPINION AND ORDER**

Petitioner, Anthony Carothers, a Mississippi inmate currently confined at the Marshall County Correctional Facility, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his State court convictions and sentences for two counts of aggravated assault. Pending before the Court is Respondents' motion to dismiss the federal habeas petition. Having considered the parties' filings and the applicable law, the Court grants Respondents' motion and dismisses the petition for the reasons that follow.

**Background and Procedural History**

Carothers was convicted of two counts of aggravated assault in the Circuit Court of Lafayette County, Mississippi, and was sentenced on November 4, 2011, to serve consecutive twenty-year terms in the custody of the Mississippi Department of Corrections for each count, with fifteen years suspended on the second count. ECF No. 8, Ex. A. With the assistance of counsel, he appealed his convictions and sentences, raising the following issues:

> Issue 1.     Did the trial judge err by permitting the prosecution to treat Sheena Carothers as a "hostile" witness before any hostility was exhibited and without a proper foundation being laid?
>
> Issue 2.     Whether the trial court erred when it denied the appellant's motion to set aside the jury's verdict (JNOV) for legal insufficiency in the prosecution's case or, alternatively, to

>               grant the appellant a new trial where the verdict was
>               against the overwhelming weight of the evidence.
>
> Issue 3.     Did the trial court err when it denied defense-offered jury
>               instructions 8 and 9?
>
> Issue 4.     Did the trial court err when it allowed into evidence a
>               bullet casing found as a result of an illegal search of the
>               appellant's home?

The Mississippi Court of Appeals reversed the circuit court as to the first issue, finding "that the circuit court improperly allowed the State to treat [prosecution witness] Sheena as a hostile witness." *Id*., Ex. B; *see also Carothers v. State*, 152 So. 3d 331, 334 (Miss. Ct. App. 2013). The State petitioned the Mississippi Supreme Court for a writ of certiorari, asserting that the Court of Appeals had misapprehended material facts and erred by not affirming Carothers' conviction under the harmless error standard. The Mississippi Supreme Court granted the State's petition and held that the Court of Appeals erred in reversing Carothers' convictions and sentences. *See id.*, Ex. C; *see also Carothers v. State*, 152 So. 3d 277 (Miss. 2014).

On or about January 5, 2015, Carothers filed the instant petition, raising the following issues:

> Ground One.  Right to a fair trial. The court allowed the state to treat
>               their star witness as "hostile" during trial, although the state
>               already knew that the witness testimony would be adverse
>               to what they expected it to be.
>
> Ground Two.  Court erred when it denied request to set aside jury's
>               verdict.

## Legal Standard

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. *See* 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is satisfied when the

habeas claim has been fairly presented to the highest state court. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 167, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

If a petitioner fails to exhaust one or more of his claims prior to seeking federal habeas relief, a federal district court must dismiss the "mixed petition" in its entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows (1) good cause for his failure to exhaust, (2) that his unexhausted claims are not plainly meritless, and (3) that there is no indication that he engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

**Discussion**

Ground Two of the instant petition has not been exhausted in the State courts, and Petitioner has thus presented this Court with a "mixed petition" subject to dismissal. Carothers has not filed a motion for post-conviction relief in the State courts. It would appear, then, that Carothers can satisfy the AEDPA's exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act ("the Act"), Miss. Code Ann. §§ 99-39-1, *et seq*. *See, e.g.,* Miss. Code Ann. § 99-39-5 ("(2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the

3

Supreme Court of Mississippi[.]" (exceptions omitted)). Therefore, Carothers has an "available procedure" under State law through which he can exhaust his claims and comply with the AEDPA's exhaustion requirement. *See* 28 U.S.C. § 2254(c).[1]

The Court finds that there are no "limited circumstances" that warrant a stay and abeyance in this case. *Rhines*, 544 U.S. at 277. While the federal statute of limitations under 28 U.S.C. § 2244 provides for only a one-year statute of limitations period, the Court notes that the filing of a State post-conviction application will toll the federal statute of limitations as long as the pleading is pending in State court. *See* 28 U.S.C. § 2244(d)(1) and (2). Carothers, acting with diligence, has sufficient time to exhaust his claims through a State post-conviction application and, if necessary, return to federal court and file a timely habeas petition. Therefore, a stay and abeyance is unnecessary to protect his ability to file a timely federal habeas petition after his State remedies are exhausted.

Accordingly, Respondents' motion to dismiss the instant petition [ ECF No. 8] is **GRANTED**, and the instant petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DISMISSED AS MOOT**. A separate final judgment will issue today.

**SO ORDERED** this the 29th day of April, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] Carothers moved to amend his petition to withdraw Ground Two after the State filed its motion to dismiss. ECF No. 9. After he was advised by the Court that he could not piecemeal his federal habeas claims in various federal habeas petitions, Carothers requested that the Court allow him to withdraw his motion to amend the petition. ECF No. 12.